UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

       -against-

FRANK JOHN DEFEO,
               Defendant.

------------------------------------X

90 Cr. 250

OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/08

**Sweet, D.J.**

By a motion dated April 15, 2008, Frank John DeFeo ("DeFeo") has moved this Court to modify his term of imprisonment. Because the Court lacks authority to grant the relief requested, the motion is denied.

**Procedural History**

Indictment S2 90 Cr. 250 (MJL) was filed on February 19, 1991, in five counts. Count One charged DeFeo with conspiring to (i) possess, with intent to distribute, cocaine and heroin; (ii) import heroin; and (iii) employ a minor in narcotics trafficking, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Four charged importation of more than 100 grams of heroin into the United States, in violation of 21

1

U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(A). Count Five charged possession with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

Trial commenced on May 14, 1991 and ended May 23, 1991, when a jury found DeFeo guilty on all counts. On June 6, 1997, the Honorable Mary Johnson Lowe sentenced DeFeo to a term of 360 months' incarceration, to be followed by a life term of supervised release, and a mandatory special assessment. Judgment was entered on June 24, 1997. The Second Circuit affirmed DeFeo's conviction by summary order dated May 20, 1998. United States v. DeFeo, 1998 WL 391115 (2d Cir. May 20, 1998).

On August 23, 1999, DeFeo filed a motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. New counsel filed a memorandum in support of the petition on April 28, 2000, and amended the petition to include an Apprendi claim by letter of August 1, 2000. This Court denied DeFeo's § 2255 motion on July 25, 2001. United States v. DeFeo, 153 F. Supp. 2d 453 (S.D.N.Y. 2001).

On September 30, 2006, DeFeo moved to compel the Government to file a motion under Federal Rule of Criminal

2

Procedure 35(b) to reduce his sentence. Attached to that motion were (a) a letter dated October 8, 2002, from Warden Hendrick discussing assistance DeFeo provided to the United States Medical Center for Federal Prosioners ("USMCFP") in Springfield Missouri in identifying corrupt staff members and recovering contraband, (b) a letter dated February 4, 2003 from Dennis Bitz, an attorney at the USMCFP, discussing the same assistance and describing DeFeo's medical condition, and (c) medical reports from the Durham Regional Hospital in Durham, North Carolina, dated January and February 2006, which discuss DeFeo's liver biopsy, diagnosis with Hepatitis C, spinal surgery, melena, urethral stricture, and gall bladder surgery. Oral argument on the Rule 35 motion was held November 8, 2006. On January 22, 2007, the Court denied the Rule 35 motion without prejudice.

On April 22, 2008, DeFeo filed this motion for modification of his term of imprisonment under 18 U.S.C. § 3582(c)(1) or, in the alternative, for a writ of mandamus under 28 U.S.C. § 1651 or renewal of his request to compel the Government to file a Rule 35 motion for reduction of his sentence. The motion included only one medical record that had not previously been submitted to the Court, a "Special Progress Note" dated May 6, 2003, written by Thomas E. Hare, a staff

3

physician, opinion that "[i]t is highly possible that Mr. Defeo will not live for a period of more than 12-18 months." Def. Ex. A.

The present motion was marked fully submitted and heard on May 28, 2008.

**Discussion**

A court "may not modify a term of imprisonment once it has been imposed," subject to four exceptions: (1) upon motion of the Director of the Bureau of Prisons, a court may reduce a sentence if it determines that extraordinary and compelling reasons warrant such a reduction, 18 U.S.C. § 3582(c)(1)(A)(i); (2) a court may modify a sentence where the defendant is at least 70 years of age, has served at least 30 years in prison, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, 18 U.S.C. § 3582(c)(1)(A)(ii); (3) a court may modify a sentence to the extent permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); or (4) a court may modify a sentence if a sentencing range has subsequently

4

been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c)(2).

Pursuant to section 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13 (which contains parallel language), DeFeo argues that extraordinary and compelling reasons merit reduction of his sentence. DeFeo relies on the Commentary to § 1B1.13, which states, in relevant part:

> (A) <u>Extraordinary and Compelling Reasons</u>:
> Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the following circumstances:
> (i) The defendant is suffering from a terminal illness.
> (ii) The defendant is suffering from a permanent physical or medical condition, or is experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and for which conventional treatment promises no substantial improvement.
> (iii) The death or incapacitation of the defendant's only family member capable of caring for the defendant's minor child or minor children.
> (iv) As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (i), (ii), and (iii).

DeFeo argues that he is suffering from a terminal illness, that his condition is worsening during his incarceration, and that he has provided extraordinary cooperation with prison officials during his incarceration. DeFeo asserts that his circumstances satisfy criteria (i), (ii), and (iv), justifying release or commutation of his term of incarceration. DeFeo's papers recount a long history of neck and arm pain, leading to a series of surgeries, including surgeries on his neck and shoulder, which have resulted in minimal improvement. DeFeo continues to experience significant pain requiring his use of strong pain killers, and is confined to a wheelchair more than 20 hours per day due to significant ataxia. He also suffers from a heart condition, Hepatitis C, a significant hepatocellular disease and cirrhosis. His hepatic failure is aggravated by the medications he takes, especially the narcotics, but they are required to control his difficult pain. In May, 2003, a staff physician at the U.S. Medical Center for Federal Prisoners opined: "I think it is highly probable that Mr. Defeo may succumb to the multiple medical complaints, most likely due to liver failure secondary to his hepatitis. It is highly possible that Mr. Defeo will not live for a period of more than 12-18 months." Def. Ex. A.

6

The Bureau of Prisons has taken the position that its authority to move for relief pursuant to section 1B1.13 is limited to situations where a defendant has "a determinable life expectancy." Def. Ex. H. The Court disagrees with this narrow view of the Bureau of Prisons' authority. The Bureau of Prisons' own staff physician has extensively documented DeFeo's condition, and gives every indication that DeFeo's health will continue to deteriorate. It is also apparent from the staff physician's report that the level of care provided to DeFeo by the Bureau of Prisons has at times been inadequate, and may have led to DeFeo's "swan neck deformity." DeFeo also complains of irregular administration of pain medication. Particularly in view of DeFeo's assistance with a number of criminal matters while in prison, this Court believes the statute's requirements of extraordinary circumstances are satisfied.

However, relief from this Court under section 3582(c)(1)(A) is limited to circumstances where the Director of the Bureau of Prisons has moved to reduce the term of a defendant's sentence. Where the Bureau of Prisons has not moved to reduce the terms of a defendant's sentence, the Court may not modify a term of imprisonment. See United States v. Olachea-Merida, 242 F. 3d 385, 385 (9th Cir. 2000) (holding the court had no jurisdiction to modify a validly imposed sentence on

7

prisoner's own motion); United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that the court lacked jurisdiction to hear defendant's motion for reduction under section 3582(c)(1)(A) because the Director of the Bureau of Prisons had not brought motion); United States v. Ozoria, 2008 WL 1840764, at *1 (W.D.N.Y. April 22, 2008) ("Because the Bureau of Prisons did not file the motion, this Court lacks the authority to modify the defendant's sentence under this subsection regardless of whether his mental illness is an 'extraordinary and compelling' reason."); Rivera v. United States, 2003 WL 76988, at *1 (S.D.N.Y. Jan. 9, 2003) (holding that sentence could not be reduced under section 3582(c)(1)(A) absent motion by Bureau of Prisons). Because no motion has been brought by the Bureau of Prisons, this Court lacks jurisdiction to modify DeFeo's sentence pursuant to section 3582(c)(1)(A).

DeFeo also argues that the Court should modify his term of imprisonment under Rule 35(b)(2), which authorizes the Court to reduce the defendant's sentence if the defendant provides substantial assistance to the Government "[u]pon the government's motion made more than one year after sentencing." Fed. R. Crim. P. 35(b)(2). The "only practical difference between Rule 35(b) and U.S.S.G. § 5K1.1 is a matter of timing: The latter is based on substantial assistance before sentencing

8

while the former is based on substantial assistance after sentencing." United States v. Gangi, 45 F.3d 28, 30 (2d Cir. 1995). Accordingly, the Second Circuit interprets the procedural requirements of Rule 35(b) consistently with the procedural requirements established for § 5K1.1. Id.

Section 5K1.1 and, by extension, Rule 35(b), give the Government a power, not a duty, to file a motion when a defendant has provided substantial assistance. See Wade v. United States, 504 U.S. 181, 185 (1992). In the absence of a plea agreement, a prosecutor's discretion when exercising this power is subject only to constitutional limitations, and a district court may review a prosecutor's refusal to file a substantial assistance motion and grant a remedy if it finds that the refusal was based on an unconstitutional motive. United States v. Leonard, 50 F.3d 1152, 1157 (2d Cir. 1995); see also Wade, 504 U.S. at 185-86. "It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Id. at 186. Rather, a defendant must make a threshold showing that the Government's refusal was (1) based on a suspect reason, such as race or religion, or (2) not rationally related to any legitimate Government end. Id. at 186.

9

See also United States v. Difeaux, 163 F.3d 725, 729 (2d Cir. 1998).

DeFeo never signed a plea agreement with the Government. Nor has he alleged that the Government refused to file a Rule 35(b) motion for a suspect reason such as his race or religion. The Government asserts that it has substantial reasons rationally related to legitimate Governmental purposes for denying DeFeo's Rule 35(b) request, including (1) DeFeo's serious and repeated violations of drug trafficking laws; (2) DeFeo's threats to cooperating witnesses and threats to former Assistant U.S. Attorney David Lewis; (3) DeFeo's false allegations during the criminal proceedings; (4) the fact that DeFeo's assistant did not result in any federal criminal prosecutions and never involved the U.S. Attorney's Office; and (5) the fact that DeFeo already has benefited substantially from the assistance that he provided to the Bureau of Prisons, including, but not limited to, being housed in better facilities and increased attention to his health-care related requests.

The Government does not deny that DeFeo has provided extraordinary assistance to the Government during the term of his incarceration, putting himself at significant risk. DeFeo's voluntary actions led, among other things, to the identification

and removal of a significant number of corrupt Bureau of Prisons employees, as well as the recovery of contraband and illegal narcotics. However, the Government's first three reasons constitute a rational basis for refusing to bring a Rule 35(b) motion. DeFeo has not presented any evidence to cast doubt on the Government's justifications, but merely emphasizes the extraordinary nature of his assistance. While the Government's refusal, particularly in light of DeFeo's medical condition, seems harsh and even unfeeling, it cannot be held irrational as a matter of law.

Finally, this Court is without authority to issue a writ of mandamus against the Director of the Bureau of Prisons, as a petition for the writ must be brought in the district either where the petitioner is confined, see United States v. Delestre, 2005 WL 53268, at *3 (S.D.N.Y. Jan. 8, 2005), or where the petitioner or defendant resides. See Brewer v. Aaron, 70 F.R.D. 460, 461 (S.D.N.Y. 1976). If in fact DeFeo is a legal resident of this District, he is granted leave to replead, but must make an adequate showing that his legal residence is the Southern District of New York.

**Conclusion**

DeFeo's Motion for Consideration of Compassionate Release, or Alternative Petition for Writ of Mandamus, and Request to Renew Defendant's Request to Compel the Government to File a Rule 35 Reduction in Sentence, is therefore denied, with leave to seek a writ of mandamus, as noted above.

It is so ordered.

**New York, N.Y.**
**June 24, 2008**

_____
ROBERT W. SWEET
U.S.D.J.